IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KIMBERLY FORD and MILDRED ROBINSON, :<br><br>  Plaintiffs, :<br><br>v. :<br><br>1280 WEST CONDOMINIUM ASSOCIATION, INC. and BEACON MANAGEMENT SERVICES, LLC, :<br><br>  Defendants. : | CIVIL ACTION NO.<br>1:14-CV-00527-RWS |

**ORDER**

This case comes before the Court on Plaintiffs' Motion for Emergency Temporary Relief [2]. After reviewing the record, the Court enters the following Order.

**Background**

Plaintiffs Kimberly Ford and Mildred Robinson seek a temporary restraining order against Defendants 1280 West Condominium Association, Inc. ("Association") and Beacon Management Services, Inc. In 2005, Ford purchased a condominium unit in Defendants' building and became a member of the Association. (Dettmering Decl., Dkt. [14-1] ¶ 17.) Ford later assigned a

portion of her ownership interest to Robinson, her mother.  (Id.)

The Association's governing documents include Declarations placing certain restrictions on owners' use of their units.  (Id. ¶ 4.)  All unit owners are members of the Association and are bound by the Declarations.  (Id.)  Included in the Declarations is a provision prohibiting the leasing of residential units unless the owners "have applied for and received from the [Association's] Board of Directors either a 'Leasing Permit' or a 'Hardship Leasing Permit.' " (Id. at 57.)  The Association bars owners from simultaneously leasing and occupying a unit.  (Id.)  When Plaintiffs ran into financial trouble, Defendants granted them a Hardship Leasing Permit for several years but declined to grant them a fourth permit in August 2012, arguing that they were not entitled to one because Defendants had learned that they in fact occupied the unit.  (Defs.' Resp., Dkt. [14] at 9.)

Plaintiffs objected that they had not received notice of the Board's decision, so in March 2013 the Board afforded them an opportunity to appear before an executive session of the Board.  (Dettmering Decl., Dkt. [14-1] ¶ 27.)  However, Defendants argue that Plaintiffs again failed to provide adequate information about their finances.  (Id. ¶ 28.)  The Board therefore declined to

2

change its decision.  (Id.)  Additionally, Defendants assert that they learned on March 7, 2014, that Plaintiffs were leasing the unit in breach of the Declarations.  (Id. ¶ 35.)  Consequently, Defendants state that "it has taken steps to assess applicable fines of $100 per day against Ms. Ford and restrict her access and her tenant's access to the building's common areas.  Ms. Ford and Ms. Robinson will continue to have access to their unit."  (Id.)

By contrast, Plaintiffs allege that the Association discriminated against them when it denied them another Hardship Leasing Permit and then refused to grant them a grievance hearing.  (Pls.' Reply, Dkt. [18] at 3.)  Furthermore, Plaintiffs contend that Defendants' policies discriminate against African American and female owners of condominiums.  (Id. at 7.)  Plaintiffs bring claims for housing discrimination, breach of contract, intentional interference with potential economic advantage, and civil rights violations.  Finally, Plaintiffs seek emergency injunctive relief.

## Discussion

Before a court will grant a motion for a temporary restraining order, the moving party must establish that: (1) "it has substantial likelihood of success on the merits," (2) it will suffer irreparable injury if the relief is not granted, (3) the

3

AO 72A
(Rev.8/82)

threatened injury outweighs the harm the relief may inflict on the non-moving party, and (4) entry of relief "would not be adverse to the public interest." KH Outdoor, LLC v. City of Trussville, 458 F.3d 1261, 1268 (11th Cir. 2006). A temporary restraining order "is an extraordinary and drastic remedy not to be granted unless the movant 'clearly carries the burden of persuasion' as to the four prerequisites." United States v. Jefferson Cnty., 720 F.2d 1511, 1519 (11th Cir. 1983) (quoting Canal Auth. v. Callaway, 489 F.2d 567, 573 (5th Cir. 1974)).

Having reviewed the Complaint, the allegations therein, and the affidavits in the record, the Court finds that Plaintiffs have failed to demonstrate that they will suffer irreparable injury if relief is not granted. In their Motion for Emergency Temporary Relief, Plaintiffs argue that "they have been able to finance their current home by leasing the condo unit and having that income [to] pay that mortgage." (Dkt. [2-1] at 3.) Plaintiffs also contend that Defendants have threatened to lock them out of their property. (Id. at 1.)

Even though Plaintiffs would be prevented from leasing their condominium absent another permit and would suffer financial harm, such injury is not irreparable. See Diamond Power Int'l, Inc. v. Clyde Bergemann,

4

Inc., 370 F. Supp. 2d 1339, 1349 (N.D. Ga. 2005) ("Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay are not enough." (quoting Jefferson Cnty., 720 F.2d at 1520)). If successful on the merits, Plaintiffs could receive damages for lost earnings. Further, Defendants submitted an affidavit stating that the Board will assess fines but that Plaintiffs will still have access to their unit.  (Dettmering Decl., Dkt. [14-1] ¶ 35.)  Therefore, this case is unlike an action, for instance, where the party seeking a temporary restraining order faces foreclosure by the defendants.  See, e.g., Johnson v. U.S. Dep't of Agric., 734 F.2d 774, 789 (11th Cir. 1984) (holding that "irreparable injury is suffered when one is wrongfully ejected from his home").  In sum, temporary relief is not warranted because Plaintiffs have not carried their burden of showing that they will suffer irreparable harm.

## Conclusion

For the foregoing reasons, Plaintiffs' Motion for Emergency Temporary Relief [2] is **DENIED**.

5

AO 72A
(Rev.8/82)

**SO ORDERED**, this  17th  day of April, 2014.


_____
**RICHARD W. STORY**
United States District Judge