IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KIMBERLY FORD and MILDRED ROBINSON<br><br>Plaintiffs<br><br>v.<br><br>1280 WEST CONDOMINIUM ASSOCIATION, INC., *et al.*,<br><br>Defendants. | CIVIL ACTION NO.<br>1:14-CV-00527-RWS |

## ORDER

This case comes before the Court on Defendant's Motion for Attorney's Fees [84], Plaintiff's Motion for Reconsideration [86], Defendant's Motion for Sanctions [92], Plaintiff's Motion to Strike [94], and Plaintiff's Motion for Extension of Time to Complete Discovery [114]. After reviewing the record, the Court enters the following Order.

### Background

This case arises out of Defendants' alleged unlawful housing discrimination against Plaintiffs Kimberly Ford and Mildred Robinson. The complete background of the case is laid out in the Court's September 2, 2014

AO 72A
(Rev.8/82)

Order. (See Sept. 2, 2014 Order ("Sept. 2 Order"), Dkt. [83] at 2-8.) In that Order, the Court dismissed Plaintiff's claims for breach of contract based on the deactivation of the building access cards; intentional interference with potential economic advantage and business relations; and fraud. The Court also denied Plaintiffs' Motion for Preliminary Injunction [78] and granted Defendant 1280 West Condominium Association, Inc.'s ("Association") Motion for Partial Summary Judgment on Its Counterclaim [38] for Plaintiffs' violation of the leasing restrictions in the condominium association's declaration. In that same Order, the Court also granted the Association's Motion to Compel Discovery [81]. Plaintiffs move for reconsideration of the Court's rulings.

## Discussion

**I.    Defendant Association's Motion for Attorney's Fees [84]**

In the September 2, 2014 Order [83] granting the Association's Motion to Compel [81], the Court found that the Association was entitled to an award of attorney's fees against Plaintiffs for the bringing of the motion. The Association was ordered to file a statement of fees within 7 days and Plaintiffs were allowed to file objections within 7 days thereafter. (Sept. 2 Order, Dkt.

[83] at 40.) On September 5, 2014, the Association filed a Statement of Fees (the Statement was entered on the docket as a Motion for Attorney Fees [84]). Rather than file objections, Plaintiffs filed a Motion for Reconsideration [86] on September 12.[1] Plaintiffs having offered no valid objections to the fees requested by the Association, the Court finds that the fees are reasonable and awards fees of $1,890.00 to the Association and against Plaintiffs.

## II.     Motion for Reconsideration [86]

Plaintiffs' Motion for Reconsideration [86] disputes a number of the Court's rulings in its September 2, 2014 Order.  Plaintiffs argue that the Court erred by: (1) dismissing Defendants Martin Paine and Lisa Weibel for insufficient service of process; (2) dismissing the breach of contract claim based on the deactivation of the building access cards; (3) denying Plaintiffs' Motion for Preliminary Injunction [78]; (4) granting the Association's Motion to Compel [81]; and (5) granting summary judgment in favor of the Association on Plaintiffs' breach of the condominium declaration.

### A.     Legal Standard

Under the Local Rules of this Court, "[m]otions for reconsideration shall

---

[1]The Court addresses the merits of that Motion in Part II of this Order.

3

not be filed as a matter of routine practice[,]" but rather, only when "absolutely necessary." LR 7.2(E), NDGa. Such absolute necessity arises where there is "(1) newly discovered evidence; (2) an intervening development or change in controlling law; or (3) a need to correct a clear error of law or fact." Bryan v. Murphy, 246 F. Supp. 2d 1256, 1258-59 (N.D. Ga. 2003). However, a motion for reconsideration may not be used "to present the court with arguments already heard and dismissed or to repackage familiar arguments to test whether the court will change its mind." Id. at 1259. Furthermore, "[a] motion for reconsideration is not an opportunity for the moving party . . . to instruct the court on how the court 'could have done it better' the first time." Pres. Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995), aff'd, 87 F.3d 1242 (11th Cir. 1996).

B.   Analysis

All of Plaintiffs' arguments are either arguments that were made in earlier briefing or arguments that could have been made in briefing the original motions. Plaintiffs do not identify newly discovered evidence or an intervening development or change in controlling law. In addition, the Court finds that as to each of the rulings Plaintiffs challenge, Plaintiffs fail to show a

need to correct a clear error of law or fact.

First, the Court finds that no clear error in dismissing Defendants Paine and Weibel for insufficient service of process. As the Court explained, Plaintiffs failed to include any evidence of service in the record before the Court ruled on the motions to dismiss, even after Plaintiffs indicated at the June 3, 2014 scheduling conference that they would take steps to perfect service. Now, Plaintiffs attach two proofs of service for Defendants Paine and Weibel to their Motion for Reconsideration. (See Dkt. [87] at 30, 32.) The process server signed the documents on May 23, 2014, and thus the documents were in Plaintiffs' possession before the scheduling conference and well before the Court ruled on the motions to dismiss, and yet Plaintiffs failed to file them. What is more, the proof of service for Defendant Weibel shows that Ms. Weibel was not personally served as required under Rule 4(e)(2)(A). Instead, Chelle Gerber accepted service, and there is no indication that Ms. Gerber is authorized to accept service on Ms. Weibel's behalf. Accordingly, service was not effective on Ms. Weibel. For these reasons, the Court properly dismissed Defendants Paine and Weibel.

Plaintiffs next argue that the Court erred in dismissing their breach of

5

contract claim based on deactivation of the access cards. Plaintiffs arguments, however, are largely repetitive of those made on the original motion or are new arguments that could have been made earlier. In any event, the Court finds no clear error of law, and for the reasons stated in its September 2 Order, (Dkt. [83] at 20-23) the Court finds that it properly dismissed the breach of contract claim.

Plaintiffs also contend that the Court incorrectly denied their Motion for Preliminary Injunction [78]. In that motion, Plaintiffs argued that Defendants denied them full use of their property by deactivating their access cards and requested injunctive relief. The Court denied the motion, finding that Plaintiffs had failed to establish irreparable harm because they still had access to their unit, although it was less convenient. (Sept. 2 Order, Dkt. [83] at 36-38.) The Court further held that Plaintiffs failed to carry their heavy burden to demonstrate a substantial likelihood of success on the merits of their claims. (Id. at 38.) Plaintiffs assert that they are indeed suffering irreparable harm because "irreparable harm may be presumed from the fact of discrimination and violations of the Fair Housing statutes." (Pls.' Br., Dkt. [87] at 13.)

Plaintiffs cite Rogers v. Windmill Pointe Village Club Ass'n, Inc., 967

F.2d 525, 528 (11th Cir. 1992), for the proposition that violations of fair housing statutes cause irreparable harm. The court in Rogers indeed held that when such discrimination is shown, "it is reasonable to presume that irreparable injury flows from the discrimination." Id. (quoting Gresham v. Windrush Partners, Ltd., 730 F.2d 1417, 1423-24 (11th Cir. 1984)). But the court went on to note that the presumption "may be rebutted by evidence that any injury that may occur is not irreparable." Id. The court provided reasons "why housing discrimination results in irreparable injury." Id. (internal quotation marks omitted). For instance, a person discriminated against could be "in limbo" during litigation, the available housing where discrimination is occurring could become occupied as the case is pending, monetary relief cannot correct the injury completely, and "harm from housing discrimination includes the loss of safe, sanitary, decent housing." Id. at 528-29.

The evidence the parties submitted indicates that Plaintiffs are not likely to suffer these harms because they are not searching for their own housing but instead were attempting to lease a condominium unit that they did not occupy. Moreover, the evidence is that Plaintiffs still have access to their unit. To the extent that Defendants have wrongfully refused to grant Plaintiffs a permit to

7

lease their unit, such monetary harm is not irreparable. Finally, even if the Court found that such harm was irreparable, the Court denied the preliminary injunction for the additional reason that Plaintiffs had failed to show a substantial likelihood of success on the merits of their claims. Again, Plaintiffs state no valid basis for reconsideration.

As for the Court's order compelling discovery, Plaintiffs argue that they were not required to respond to the Association's discovery requests. For the reasons discussed in Part III in conjunction with the Association's Motion for Sanctions [92], the Court rejects this argument.

Many of Plaintiffs' remaining arguments pertain to the Court's grant of summary judgment in favor of the Association on its claim that Plaintiffs breached the condominium declaration's restriction on leasing. Once again, Plaintiffs' arguments do not offer valid reasons for reconsideration. Plaintiffs dispute the Court's conclusion, arguing that it decided an issue that should have been left for a jury. But as Defendants point out, construing the condominium declaration is a question of law. O.C.G.A. § 13-2-1 ("The construction of a contract is a question of law for the court."). Still, Plaintiffs continue to dispute that they leased their unit to Mr. Paine, arguing that the

AO 72A
(Rev.8/82)

Fulton County Magistrate Court had previously found that there was no lease. But Plaintiffs fail to show that the Court clearly erred when it analyzed whether Plaintiffs leased their unit as defined in the condominium declaration—the relevant inquiry in deciding whether Plaintiffs violated the terms of the declaration. (See Sept. 2 Order, Dkt. [83] at 32-38.)

For all these reasons, Plaintiffs' Motion for Reconsideration [86] is **DENIED**.

### III. Defendant's Motion for Sanctions [92]

In the Association's Motion for Sanctions [92], the Association seeks sanctions against Plaintiffs based on Plaintiffs' failure to comply with the Court's September 2 Order [83] ordering Plaintiffs to "provide complete and verified responses to the First Interrogatories and the First Document Request" of the Association and concluding that "Plaintiffs have waived any opportunity to object to the discovery." (Sept. 2 Order, Dkt. [83] at 39-40.) The Association asserts that Plaintiffs failed to provide complete responses to the discovery and, in several instances, lodged objections to the discovery request.

The Association argues that a sanction of dismissal is proper under these circumstances. Under 28 U.S.C. § 1927,

9

> Any attorney or other person admitted to conduct cases in any court of the United States . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

The Eleventh Circuit has established three essential requirements for an award of sanctions: The attorney must engage in (1) "unreasonable and vexatious" conduct, which (2) "multiplies the proceedings," and (3) "the dollar amount of the sanction must bear a financial nexus to the excess proceedings." Peterson v. B.M.I. Refractories, 124 F.3d 1386, 1396 (11th Cir. 1997). Furthermore, courts have inherent powers to impose sanctions on attorneys. See In re Walker, 532 F.3d 1304, 1309 (11th Cir. 2008). A finding of bad faith is required before imposing sanctions under either § 1927 or under the Court's inherent powers. See id.; Amlong & Amlong, P.A. v. Denny's, Inc., 500 F.3d 1230, 1239 (11th Cir. 2006) (holding that under § 1927, "an attorney multiplies proceedings 'unreasonably and vexatiously' within the meaning of the statute only when the attorney's conduct is so egregious that it is 'tantamount to bad faith' " (quoting Avirgan v. Hull, 932 F.2d 1572, 1582 (11th Cir. 1991))). For example, bad faith is shown when "an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing

an opponent. A party also demonstrates bad faith by delaying or disrupting the litigation or hampering enforcement of a court order." Id. (quoting Byrne v. Nezhat, 261 F.3d 1075, 1121 (11th Cir. 2001)) (internal quotation marks omitted).

Even if a court finds bad faith, however, "dismissal is warranted only upon 'a clear record of delay or willful contempt *and* a finding that lesser sanctions would not suffice.' " Mingo v. Sugar Cane Growers Co-op. of Fla., 864 F.2d 101, 102 (11th Cir. 1989).

In their Response [93],[2] Plaintiffs assert that they have made complete responses to all discovery requests. This assertion is based, in part, on Plaintiffs' contention that the Court's decision that the case would proceed based on Plaintiffs' Second Amended Complaint [21] excused Plaintiffs from their obligations to respond to the discovery. In the "Definitions" section of

---

[2] In addition to filing a Response [93], Plaintiffs filed a Motion to Strike Defendants' Motion to Compel [94], arguing that Defendants' motion is "redundant, immaterial, impertinent, or scandalous." (Dkt. [94-1] at 4.) That filing is identical to Plaintiffs' Response [93] to the Motion to Compel. While the Court considers Plaintiffs' arguments opposing the Motion to Compel, the Court **DENIES** the Motion to Strike because Rule 12(f) only authorizes motions to strike material from a *pleading*. FED. R. CIV. P. 12(f). It is improper to move to strike a motion simply because a party opposes it.

the discovery requests that were served on April 14, 2014, the Association stated, "Complaint means Plaintiff's Complaint filed in this Action on or about February 19, 2014." (Mot. to Compel, Ex. 2 [81-2] at 2; Ex. 3 [81-3] at 2; Ex. 4 [81-4] at 2.)

Plaintiffs filed a Second Amended Complaint [21] on April 7, 2014, without seeking leave of Court. Defendants filed a Motion to Strike [37] the Second Amended Complaint on April 22, 2014. After Plaintiffs had filed two Amended Complaints, Defendants filed a Motion for a Rule 16 Conference [31] so that the Court could determine which Complaint would be the effective Complaint on which the case would proceed. The Court granted the Motion [54] and held a Rule 16 Conference on June 3, 2014. At that conference [74], the Court announced that the case would proceed on the Second Amended Complaint [21].

Thereafter, the Association filed its Motion to Compel [81] on July 14, 2014. Plaintiffs filed no response to the Motion. On September 2, the Court entered the Order ordering Plaintiffs to respond to the discovery. In the same Order, the Court reconfirmed that the case was proceeding on the Second Amended Complaint. (Sept. 2 Order, Dkt. [83] at 7.) Thus, when the Court

12

ordered Plaintiffs to comply with discovery, the Court was fully aware that the case was not proceeding on the original Complaint filed February 19, 2014, but was proceeding on the Second Amended Complaint. However, the fact that the case was proceeding in this manner had no impact on the discovery requests of the Association. First, many of the requests make no reference to the Complaint. Second, the fact that the original Complaint is used by the Association to describe the information sought does not excuse Plaintiffs from their obligation to respond to the request.

The position taken by Plaintiffs is unreasonable. The filing of an amended complaint in no way excuses a party from its discovery obligations. If Plaintiffs had reasonable objections, they should have been stated in a timely fashion. However, Plaintiffs neither responded to the discovery nor the Motion to Compel. The Court therefore finds that Plaintiffs' failure to respond to the discovery and subsequent failure to comply with the Court's September 2, 2014 Order constitutes bad faith. Plaintiffs' failure to comply with their discovery obligations has caused needless delay, and the Court further finds that Plaintiffs' failure to comply was willful because, as they argue, they chose not to comply with the Court's Order because they believed they were excused

13

from their discovery obligations. What is more, Plaintiffs did not raise these issues at the Rule 16 conference or in response to the Motion to Compel. And, even if Plaintiffs were correct that they did not have to respond to discovery requests referencing the original Complaint, Plaintiffs also raised objections to other discovery not related to the Complaint even after the Court found that they had waived their opportunity to object.

Finally, the Court concludes that no lesser sanction than dismissal of Plaintiffs' claims against the Association[3] will suffice. An award of attorney's fees would not be an adequate remedy because the Court has already ordered Plaintiffs to comply with discovery and to pay attorney's fees, but these measures have failed to ensure Plaintiffs' cooperation. The Court further finds that attorney's fees would not adequately remedy the resulting delay in this case. Consequently, a sanction of dismissal is appropriate based on Plaintiffs' pattern of delay and willful disregard of the Court's Order. See, e.g., Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985) (finding that any lesser sanction than dismissal would not have served the interests of justice when

---

[3]The discovery, Motion to Compel [81], and Motion for Sanctions [92] were only sought on behalf of the Association. Therefore, the Court only orders dismissal of Plaintiffs' claims against the Association.

"plaintiff's counsel engaged in a pattern of delay and deliberately refused to comply with the directions of the court"); Vaughan v. Apfel, 209 F.R.D. 496, 499 (M.D. Fla. 2001) ("Lesser sanctions would not serve justice where plaintiff's misconduct not only constituted a clear record of delay, but also a willful disregard of an order."). For these reasons, Plaintiffs' claims against the Association are **DISMISSED**.

IV. **Plaintiff's Motion for Extension of Time to Complete Discovery [114]**

Plaintiff's Motion for Extension of Time to Complete Discovery [114] is **GRANTED**. The remaining parties are directed to confer in an effort to agree on a proposed scheduling order. If the parties cannot agree, the parties are directed to inform the Court, and the Court will set a scheduling conference.

## Conclusion

For the foregoing reasons, Defendant's Motion for Attorney's Fees [84] is **GRANTED**, and the Court awards fees of $1,890.00 to Defendant 1280 West Condominium Association and against Plaintiffs. Furthermore, Plaintiff's Motion for Reconsideration [86] is **DENIED**, Defendant's Motion for Sanctions [92] is **GRANTED**, Plaintiff's Motion to Strike [94] is **DENIED**,

and Plaintiff's Motion for Extension of Time to Complete Discovery [114] is **GRANTED**.

Plaintiffs' claims against Defendant 1280 West Condominium Association are **DISMISSED**. The remaining parties are **DIRECTED** to confer in an effort to agree on a proposed scheduling order. If the parties cannot agree, the parties are **DIRECTED** to so inform the Court, and the Court will set a scheduling conference

**SO ORDERED**, this _5th_ day of ~~April~~ May, 2015.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)